1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                       FOR THE DISTRICT OF OREGON

9

10   KARL D. CHROMY,                  )
                                      )   No.  04-1771-HU
11                  Plaintiff,        )
                                      )
12       v.                           )
                                      )       FINDINGS AND
13                                    )
     JO ANNE BARNHART,                )       RECOMMENDATION
14   Commissioner of Social           )
     Security,                        )
15                                    )
                    Defendant.        )
16   _____)

17   Karl D. Chromy
     6402 SE Tolman Street
18   Portland, Oregon 97206
           Pro se
19
     Karin J. Immergut
20   United States Attorney
     District of Oregon
21   Neil J. Evans
     Assistant United States Attorney
22   1000 S.W. Third Avenue, Suite 600
     Portland, Oregon 97204
23
     Thomas M. Elsberry
24   Lucille G. Meis
     Special Assistant United States Attorney
25   Social Security Administration
     701 Fifth Avenue, Suite 2900 M/S 901
26   Seattle, Washington 98104
           Attorneys for defendant
27

28   FINDINGS AND RECOMMENDATION Page 1

1  HUBEL, Judge:

2      Plaintiff Karl Chromy has filed a *pro se* complaint against

3  Social Security Administration. The body of the complaint consists

4  of the following: "Appeal from ALJ proceedings. Correction of

5  falsified documentation in a hearings process and assessment of

6  crimes committed." (doc. # 2). The court granted Mr. Chromy's

7  application to proceed *in forma pauperis*. (doc. # 5)

8      The Commissioner filed a motion to dismiss for lack of

9  jurisdiction, on the ground that after the administrative hearing,

10  the Commissioner had issued a fully favorable decision approving

11  Mr. Chromy's claims for disability insurance and supplemental

12  security income (SSI) benefits, and on the ground that Mr. Chromy

13  failed to exhaust his administrative appeal remedies, so that the

14  order appealed from was not a final order subject to jurisdiction

15  in this court. (doc. # 7).

16      According to an affidavit submitted by the Commissioner, Mr.

17  Chromy filed applications for disability insurance benefits and SSI

18  on May 18, 2000. *See* Declaration of Paul D. Gould. The applications

19  were denied initially and upon reconsideration. Id. Mr. Chromy

20  filed a timely request for a hearing before an administrative law

21  judge (ALJ) on April 17, 2001. A hearing was scheduled for December

22  4, 2001, but was delayed in order to permit Mr. Chromy to find a

23  representative. Mr. Chromy appointed a representative, Patrick

24  Mackin, who subsequently withdrew. Mr. Chromy proceeded without

25  representation.

26      The ALJ determined, without a hearing, that based on documents

27

28  FINDINGS AND RECOMMENDATION Page 2

1  submitted to the Commissioner, Mr. Chromy had been disabled since

2  September 1999, primarily due to paranoid personality disorder. On

3  September 19, 2002, the ALJ issued a fully favorable decision. The

4  Commissioner asserts that Mr. Chromy was notified of the ALJ's

5  decision, and of his right to appeal the decision administratively

6  within 60 days if he disagreed with it.

7      Mr. Chromy asserts that he was unaware of the Commissioner's

8  decision because the notification letter was sent to the office of

9  the Multnomah County Aging and Disabilities Services,[1] which

10 returned it to the Social Security Administration; it was not until

11 November 23, 2003, that Mr. Chromy saw the notification letter.

12     On January 14, 2004, Mr. Chromy filed a request for review by

13 the Appeals Council. On August 2, 2004, the Appeals Council issued

14 an order finding that Mr. Chromy had not established good cause for

15 the late filing, and dismissed the request. On September 8, 2004,

16 Mr. Chromy submitted another letter to the Appeals Council. The

17 Appeals Council treated the letter as a second request for review,

18 and on October 7, 2004, notified Mr. Chromy that it would take no

19 action on the request. Mr. Chromy filed this action on December 2,

20 2004. The Commissioner filed a motion to dismiss for lack of

21 jurisdiction on May 4, 2005.

22     Mr. Chromy requested that the court appoint counsel for him

23 (doc. # 11). On December 7, 2005, the court notified Mr. Chromy

24 _____

25     [1] Mr. Chromy states that he was homeless at the time, and

26 that he was using the address of the Multnomah County Aging and

27 Disabilities Office as his address.

28 FINDINGS AND RECOMMENDATION Page 3

1  that it had been unsuccessful in its efforts to obtain volunteer

2  counsel, denying the request for appointment of counsel, and

3  ordering him to proceed with his case *pro se*. (doc. # 14). Mr.

4  Chromy was ordered to respond to defendants' motion to dismiss

5  within 45 days. Id.

6      Mr. Chromy filed a motion requesting an additional 60-90 days

7  to respond to the motion to dismiss (doc. # 15), which the court

8  granted in part, extending the time for a response to March 9,

9  2006. (doc. # 16). Mr. Chromy then filed a motion to freeze his

10 Social Security account (doc. # 17), and a motion to suspend the

11 Commissioner's motion to dismiss pending discovery and an order

12 from the court to the FBI to investigate plaintiff's grievances

13 regarding his Social Security claim (doc. # 18). Mr. Chromy filed

14 a response to the motion to dismiss on March 1, 2006 (doc. # 22).

15      Mr. Chromy acknowledges that he has been receiving Social

16 Security disability benefit checks for "several years," but he has

17 refused to endorse the checks, so that his income is zero. Mr.

18 Chromy states that he has not signed the checks because

19          on the back [of the first check] I read that it says that
            by signing this you agree... Well we don't agree on a lot
20          of issues so I would not sign any of the checks until I
            had all the documents ... provided for my inspection and
21          approval. I waited for the award and decision letters for
            many months, both didn't show up, instead the checks kept
22          coming every month (10/02 to the present).

23 Plaintiff's Affidavit, p. 8.[2]

24      It appears that Mr. Chromy takes exception to the ALJ's

25

26 _____

27     [2] The document is designated an affidavit, but is not sworn.

28 FINDINGS AND RECOMMENDATION Page 4

1  statement in his decision that John Givi, Ph.D., evaluated Mr.

2  Chromy and reported that Mr. Chromy "evinced significant

3  psychological disturbance indicative of either a thought disorder

4  (psychosis) or a severe personality disorder." See Gould

5  Declaration, Exhibit 1. Dr. Givi reported that Mr. Chromy "was

6  agitated and his behavior was unpredictable," and that Mr. Chromy

7  was "unable to cooperate with the full examination process." Dr.

8  Givi concluded that the most likely diagnosis, based on Mr.

9  Chromy's conduct, was a paranoid personality disorder. Id.

10     Mr. Chromy contends that he "disqualified [Dr. Givi] from ever

11 having an appointment with me." According to a letter sent to

12 Social Security Administration by Mr. Chromy, when he went to see

13 Dr. Givi

14         I arrived at his office, we were doing a pre-appointment
           interview when it was determined that he wasn't competent
15         to do the evaluation. I asked Mr. Givi three questions 1)
           where did you go to school? He answers. 2) How long have
16         you been doing this line of work? He answers. 3) Do you
           retain an attorney? He states that he does, I inform him
17         that when you hire an attorney, you make an affirmation
           and a declaration to the court of NON COMPUS MENTIS
18         (Latin for not mentally competent) and that his record
           was not admissible in a court of law and that we would
19         not be doing the evaluation and I left his office.

20 Gould Declaration, Exhibit 2.

21     Mr. Chromy has explained to Social Security Administration

22 that his refusal to cash the Social Security checks is because,

23 based on the "way that Mr. Givi sounded and stated matters, it

24 sounds like someone at the SSA's ALJ land instructed him to make a

25 false diagnosis (could it be Mr. Terrence or Mr. Atkins?)" Mr.

26 Chromy accuses the ALJ of dereliction of duty and malfeasance, as

27

28 FINDINGS AND RECOMMENDATION Page 5

1  well as impersonating a judge, perpetrating a fraud on Mr. Chromy

2  by accepting Dr. Givi's opinions and thereby allowing false

3  evidence into the hearing process, and engaging in a conspiracy to

4  commit fraud with Mr. Mackin, Mr. Chromy's former representative.

5  **Standards**

6  A motion under Rule 12(b)(1) addresses the court's subject

7  matter jurisdiction. When considering a motion to dismiss pursuant

8  to Rule 12(b)(1), the court is not restricted to the face of the

9  pleadings, but may review any evidence, such as affidavits and

10 testimony, to resolve factual disputes about the existence of

11 jurisdiction. McCarthy v. United States, 850 F.2d 5587, 560 (9th

12 Cir. 1988). The burden of establishing subject matter jurisdiction

13 rests upon the party asserting jurisdiction. Kokkonen v. Guardian

14 Life Ins. Co., 511 U.S. 375, 377 (1994).

15 **Discussion**

16 Federal courts are courts of limited jurisdiction; they have

17 only the power that is authorized by Article III of the

18 Constitution and the statutes enacted by Congress pursuant to

19 Article III. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534,

20 541 (1986). Thus, the court's power is limited to those subjects

21 encompassed within a statutory grant of jurisdiction. Insurance

22 Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694,

23 701 (1982). *See also* Healy v. Ratta, 292 U.S. 263, 270

24 (1934)("[That] which should actuate federal courts requires that

25 they scrupulously confine their own jurisdiction to the precise

26 limits which [a federal] statute has defined."

27

28 FINDINGS AND RECOMMENDATION Page 6

1    The court's jurisdiction to review decisions by the

2  Commissioner of Social Security is derived from § 405(g) of the

3  Social Security statute, which provides:

4       Any individual, after any final decision of the
        commissioner of Social Security made after a hearing to
5       which he was a party, irrespective of the amount in
        controversy, may obtain a review of such decision by a
6       civil action commenced within sixty days after the
        mailing to him of notice of such decision or within such
7       further time as the Commissioner of Social Security may
        allow. ... The court shall have the power to enter, upon
8       the pleadings and transcript of the record, a judgment
        affirming, modifying or reversing the decision of the
9       Commissioner of Social Security, with or without
        remanding the cause for rehearing.
10
        This provision empowers the court to affirm, modify or reverse
11
   the decision of the Commissioner. But this is not the relief sought
12
   by Mr. Chromy. In his complaint and in his motions, Mr. Chromy asks
13
   the court to correct allegedly falsified documentation, "assess"
14
   crimes allegedly committed, presumably by Dr. Givi or the ALJ,
15
   order the Commissioner to "freeze" his Social Security account, and
16
   order the FBI to investigate Mr. Chromy's grievances against the
17
   ALJ, Dr. Givi, and others. All of these actions are beyond the
18
   scope of the court's jurisdiction under the Social Security Act. If
19
   a court lacks jurisdiction, it is not in a position to act.
20
   Toumajian v. Frailey,135 F.3d 648 (9th Cir. 1998). I conclude,
21
   therefore, that the court lacks jurisdiction over Mr. Chromy's
22
   claims.
23
        I recommend that the Commissioner's motion to dismiss for lack
24
   of subject matter jurisdiction (doc. # 7) be GRANTED.
25
                          **Scheduling Order**
26
        The above Findings and Recommendation will be referred to a
27

28  FINDINGS AND RECOMMENDATION Page 7

1  United States District Judge for review. Objections, if any, are

2  due April 4, 2006. If no objections are filed, review of the

3  Findings and Recommendation will go under advisement on that date.

4  If objections are filed, a response to the objections is due April

5  18, 2006, and the review of the Findings and Recommendation will go

6  under advisement on that date.

7

8                    Dated this 20th day of March, 2006.

9

10                                  /s/ Dennis James Hubel

11                                  Dennis James Hubel
                                    United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 FINDINGS AND RECOMMENDATION Page 8